## Stebelski v. Philadelphia Transportation Co.

*Richter, Lord & Levy,* for plaintiff.
*Philip Price,* for defendant.

WEINROTT, J., February 4, 1956.—Plaintiff filed a complaint in trespass averring that while he was in the employ of an independent contractor, standing on a ladder painting one of defendant's poles, a fire ignited by an improperly insulated wire at the top of the pole caused him to fall from the ladder. Plaintiff then filed a number of interrogatories under Pa. R. C. P. 4005 to which defendant filed objections. All of the objections have been disposed of by agreement between the parties with the exception of interrogatories numbers 11, 17, 18, 19, 20, 21 and 24, which are now before this court for determination.

Plaintiff's interrogatory number 11 asks defendant to furnish, at plaintiff's expense, copies of any photographs in defendant's possession of the ladder, pole and/or paint pot referred to in the complaint.

Defendant objects to this interrogatory on the ground that it is violative of Pa. R. C. P. 4009 and Pa. R. C. P. 4011 (d).

The proper procedure in order to obtain the right to inspect photographs or to copy photographs is a

motion under Pa. R. C. P. 4009. To request copies of photographs by interrogatory is a circumvention of this rule, and should not be permitted. It is important to note that Pa. R. C. P. 4009 is also subject to the limitations provided by Pa. R. C. P. 4011(d). Subsection (d) of this rule provides that no discovery or inspection shall be permitted which would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial, or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses. Any photographs which defendant made during the course of its investigation of this accident in anticipation of litigation or in preparation for trial fall within the prohibition of this subsection. Of course, the protection of this subdivision would not extend to photographs made by defendant prior to the accident as part of its regular activities. Nevertheless, for the reason set forth, we conclude that defendant's objection to interrogatory number 11 must be sustained.

Interrogatories numbers 17 and 18 seek information concerning warnings, notices or directions given by defendant to plaintiff's employer and to any of plaintiff's fellow employes or superiors. Defendant's objection is based on the ground that this information is equally known to plaintiff and that plaintiff is merely seeking a preview of defendant's evidence. Defendant also objects to these interrogatories on the ground that they are prohibited by Pa. R. C. P. 4011(d).

Interrogatories under Pa. R. C. P. 4005 may relate to any matters which can be inquired into under Pa. R. C. P. 4007. Under Pa. R. C. P. 4007, it is provided

that the deponent may be examined regarding the identity and whereabouts of witnesses and also any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in preparation of the pleadings or the preparation or trial of the case. It is evident from the context of the questions that answers thereto may provide plaintiff with relevant information which will substantially aid in the preparation or trial of the case.

In Goodrich-Amram Procedural Rules Service at page 133 et seq., the authors set forth a commentary dealing with "Matter Known to the Inquirer". They state that under the former rule 4011(c), discovery of matter known to the petitioner or the means of obtaining knowledge of which he can reasonably be expected to have was specifically proscribed. However, under the present rule, knowledge of the facts is no longer an automatic barrier to discovery. The criterion now is whether the discovery will substantially aid the inquirer. Discovery may be of substantial aid even if the inquirer has extensive knowledge of the facts, for it seems quite clear that if the inquirer can show that his knowledge of the facts or his means of proof are inadequate to enable him to prove his claim and that he needs more information to prepare himself adequately for trial, discovery should be permitted. Discovery should be denied only in the situation where the quantum of knowledge and means of proof are such that discovery will produce nothing of any real value. Each party should have discovery of relevant facts within the general limitations of these rules unless he already has all the knowledge or means of proof he needs, or can get it adequately without the discovery proceedings which he has requested. In the case of Zeldin et al., etc., v. Penn Fruit Company, 89 D. & C. 313 (1954), President Judge Oliver of C. P. No. 7 followed this analysis. Since we also concur with this

reasoning and we believe that the answers to interrogatories numbers 17 and 18 may substantially aid plaintiff in the preparation or trial of his case, we overrule defendant's objections thereto.

Plaintiff's interrogatories numbers 19, 20 and 21 request defendant to disclose when defendant caused the pole, wires, transformer and/or other equipment attached thereto to be inspected or examined last preceding the accident, whether written records or memoranda were made of such inspections or examinations; and when repairs were last made preceding the accident. Defendant objects that disclosure of this information would disclose the existence, location or contents of statements or documents secured in anticipation of litigation and preparation for trial, and is within the prohibition of Pa. R. C. P. 4011 (d). There is clearly no merit to defendant's objection on this ground. It has been established that the contents of routine inspection reports may be obtained by the discovery process: Bradley v. P. T. C., 87 D. & C. 548, 550. Interrogatories numbers 19, 20 and 21 are specifically limited by their wording to the period last preceding the accident and, therefore, are not circumscribed by Pa. R. C. P. 4011 (d). Defendant's objections to these interrogatories are overruled.

Interrogatory number 24 requests defendant to specify whether, at the time of the accident, there were any wires that were hanging loose or low at or near the point of the accident. Defendant objects to this interrogatory on the ground that it violates Pa. R. C. P. 4011 (d). While it is true that such information may have been obtained by defendant in anticipation of litigation or in preparation for trial, the same may have been known to defendant independently of any investigation within the purview of Pa. R. C. P. 4011 (d). In Bradley v. P. T. C., supra, Judge Flood stated:

"We feel that plaintiff has the right to inquire concerning the condition of the tracks and signal equipment at and near the vicinity of the accident. If defendant has reports which were received in anticipation of this litigation, he need not divulge their contents or even their existence; however it must answer plaintiff's interrogatory to the extent that it has such information from any other source."

Judge Flood's statement is equally applicable in answer to defendant's objection to interrogatory number 24. Defendant must answer plaintiff's interrogatory to the extent that it has such information from any source independent of reports or memoranda made in anticipation of litigation or in preparation for trial. Defendant's objection to interrogatory number 24 is overruled.

### Order

And now, to wit, February 4, 1956, defendant's objection to plaintiff's interrogatory number 11 is sustained; defendant's objections to plaintiff's interrogatories numbers 17, 18, 19, 20, 21 and 24 are dismissed and defendant is ordered to answer interrogatories numbers 17, 18, 19, 20, 21 and 24 in accordance with this opinion.